FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 DEC 22 P 1:5[?]

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| MARIO PIROZZOLI | : | |
|     Plaintiff | : | CIVIL ACTION NO. |
| | : | 302CV00698CFD |
| v. | : | |
| | : | |
| TOWN OF BERLIN, BERLIN INLANDS | : | |
| WETLANDS AND WATERCOURSES | : | |
| COMMISSION, JAMES P. HORBAL, | : | |
| individually and in his official | : | |
| capacity, E. TIMOTHY SULLIVAN, JR., | : | |
| individually and in his official | : | |
| capacity, MICHAEL BALINSKAS, | : | |
| RALPH SIMEONE, RAYMOND | : | |
| JEREMA, CLEVELAND P. | : | |
| HUGGINS, III, TOMAS GERDIS | : | |
|     Defendants | : | DECEMBER 19, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**I.   INTRODUCTION**

The Defendants, the Town of Berlin, Berlin Inlands, Wetlands and Watercourses Commission (IWWC), James P. Horbal, E. Timothy Sullivan, Jr., Michael Balinskas, Ralph Simeone, Raymond Jarema, Cleveland P. Huggins, III and Tomas Gerdis, hereby submit this Memorandum of Law in Support of their Motion to Dismiss. The Defendants submit that the Plaintiff's cause of action against Attorney Sullivan should be dismissed because his alleged statements regarding the Plaintiff are absolutely privileged.

## II. STATEMENT OF FACTS

The Plaintiff filed a four-count Complaint on April 18, 2002 and later filed an Amended Complaint, dated July 1, 2003. In Count One of his Complaint, the Plaintiff, Mario Pirozzoli, alleges that the Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983. In Count Two, the Plaintiff alleges a violation of his equal protection rights. In Count Three, the Plaintiff alleges an unconstitutional taking of his property and, in Count Four, the Plaintiff alleges that the Defendants committed an intentional tort.

The Plaintiff's claims arise out of the following alleged facts. On August 27, 1997, Horbal, the Zoning Enforcement Officer of the Town of Berlin, ordered the Plaintiff to cease and desist unauthorized encroachment onto wetlands. On July 7, 1998, the IWWC approved another cease and desist order. The Plaintiff alleges that the IWWC did not have jurisdiction to make such orders and that it improperly issued the orders. In addition to these allegations, the Plaintiff alleges in Count One that:

> 50.  The defendant E. Timothy Sullivan, Jr. engaged in numerous secret meetings of one or more members of the Wetlands Commission and its agent James Horbal in violation of the Connecticut Freedom of Information Act, C.G.S. § 1-200, et seq., specifically C.G.S. § 1-225.
>
> a.  The defendant Sullivan conducted these meetings with the defendant commissioners knowing the requirements of state law that the public's business not be conducted in secret.

2

  b. The defendant Sullivan met with the defendants despite knowing that the defendant was not legally requested in accordance with the provisions of the Connecticut Freedom of Information Act that he provide them with an opinion of the town attorney and despite knowing that no such public opinion would be published.

  c. The defendant Sullivan met with the commission and members of the commission for an unlawful purpose in a sense of malice toward the plaintiff and in violation of state law.  Said malice is further demonstrated by the fact that in court hearings, the defendant, E. Timothy Sullivan, Jr., the town attorney of the Town of Berlin, made representations that the plaintiff landscaped his neighbor's property at 84 Rivergate Lane when he knew or should have known that the statement was inaccurate.  Such statements were made in reckless disregard of the facts and truth of the matter without any reasonable basis in fact that the statements were true.  The statements were made with the intent to induce the court to have a negative impression of the Plaintiff and the statements were of course untrue when made intending that the court rely on them.  Amended Complaint, Count One, ¶ 50.

This is the only allegation against Attorney Sullivan.

In response to the allegations against Attorney Sullivan, the Defendants' attorney notified the Plaintiff's attorney, Vincent R. McManus, on May 21, 2002, that, pursuant to Rule 11 of the Federal Rules of Civil Procedure, there was no evidentiary support for the allegations contained in paragraph 50 of the Complaint.  Given the lack of evidentiary support, the Defendants' attorney demanded via correspondence that the Attorney McManus withdraw his claim against Attorney Sullivan.  Although Attorney McManus sent correspondence dated May 29, 2002, to the Defendants' attorney, he failed to address the Defendants' demand. The Defendants' attorney renewed his

3

request to have Attorney McManus withdraw his claim against Attorney Sullivan in another letter dated June 6, 2002.

Furthermore, on August 23, 2002, the Defendants filed a Motion for Sanctions and a Memorandum of Law in Support of said Motion, requesting that the court strike the Plaintiff's allegations against Attorney Sullivan. In his response, dated October 18, 2002, the Plaintiff argues that Attorney Sullivan's statement in court was false and that he made such statements to prejudice the Plaintiff. The Defendant's Motion for Sanctions has been denied.

### III.   LAW AND ARGUMENT

#### A.   STANDARD OF REVIEW

When considering a Motion to Dismiss under Rule 12 (b) (6) of the Federal Rules of Civil Procedure, the court presumes all factual allegations in the Complaint to be true and draws reasonable inferences from these allegations in favor of the opposing party. Scheuer v. Rhodes, 416 U.S. 232, 236 94 S.Ct 1683, 4 L.Ed. 2d 90 (1974); Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993). "The issue is not whether a Plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." DeLaCruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), cert. denied, 441 U.S. 965 (1979). Thus, the

4

question for this court to decide is "whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of the Plaintiff's claims." DeLaCruz, supra, 582 F.2d at 48.

### B. THE PLAINTIFF CANNOT RECOVER AGAINST ATTORNEY SULLIVAN BECAUSE HIS STATEMENTS ARE ABSOLUTELY PRIVILEGED

"Connecticut follows the common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." Blake-McIntosh v. Cadbury Beverages, Inc., 1999 WL 464529 (D.Conn. 1999) (Exhibit A). Pursuant to the Restatement of Torts, "an attorney at law is absolutely privileged to publish defamatory matter concerning another in communications . . . during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." 2 Restatement (Second), Torts, Defamations, § 586 (1976); see also Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 49, 91 S. Ct. 1811, 29 L. Ed. 2d 296 (1971) ("Absolute privilege attaches to judges, attorneys at law in connection with a judicial proceeding, parties and witnesses to judicial proceedings." Id.)

"A judicial proceeding includes any hearing before a tribunal which performs a judicial function, ex parte or otherwise, and whether the hearing is public or not . . . . For example, an absolute privilege attaches to statements to the Internal Revenue Service,

5

the grand jury, and the United States Attorney's Office when made in the course of judicial proceedings . . . . Absolute immunity also extends to defamatory statements made in "quasi- judicial" proceedings of "administrative officers, such as boards and commissions, so far as they have powers of discretion in applying the law to the facts which are regarded as judicial or 'quasi-judicial,' in character." (Citations omitted; internal quotation marks omitted.) Blake-McIntosh, supra, 1999 WL 464529.

"The following factors may assist in determining whether a proceeding is quasi-judicial in nature: whether the body has the power to: (1) exercise judgment and discretion; (2) hear and determine or ascertain facts and decide; (3) make binding orders and judgments; (4) affect the personal or property rights of private persons; (5) examine witnesses and hear the litigation of issues on a hearing; and (6) enforce decisions and impose penalties. In addition, courts may consider whether sound public policy supports granting the complete freedom of expression that absolute immunity provides." (Citations omitted; internal quotation marks omitted.) Blake-McIntosh, supra, 1999 WL 464529.

"The privilege . . . is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." 2 Restatement (Second), supra, § 586, comment a. In order to allow the attorney to

6

have full freedom to speak openly, the privilege "protects the attorney from liability in an action for defamation irrespective of his purpose in publishing the defamatory matter, his belief in its truth, or even his knowledge of its falsity." 2 Restatement (Second), *supra*, § 586, comment a.

The Plaintiff alleges that Attorney Sullivan made false statements in court with the intention to induce the court to "have a negative impression" of him. As alleged in the Complaint, Attorney Sullivan made a statement about the Plaintiff filling his neighbors' yard during a court hearing in the matter of <u>Pirozzoli v. Berlin Inland Wetlands and Watercourses Commission</u>, Docket No. CV 99-4944625. During oral argument on February 27, 2002, in front of the Honorable Henry S. Cohn, Attorney Sullivan stated: "We did take action against him. He filled the neighbor's property." See Transcript, dated February 27, 2002, attached hereto as Exhibit A.

Since Attorney Sullivan made this statement in court, during a judicial proceeding, he is protected by the absolute privilege that attaches to comments made during judicial proceedings. Moreover, even if, as alleged by the Plaintiff, Attorney Sullivan made this statement in reckless disregard for the truth and with the intent to prejudice the Plaintiff, he is absolutely privileged from any liability arising out of the statement. Thus, the court cannot grant the Plaintiff any relief for his claims against

7

Attorney Sullivan arising out of any statements that he made during the course of any judicial proceedings.

Additionally, the Plaintiff also alleges that Attorney Sullivan held "secret meetings" to discuss the Plaintiff's matter with the commissioners of the IWWC. As the court stated in Blake-McIntosh, Attorney Sullivan is absolutely immune from comments he made during administrative proceedings. Indeed, this immunity attaches to comments made during proceedings that are both open to the public and closed to the public. Moreover, pursuant to the factors laid out in Blake-McIntosh, the alleged meetings were quasi-judicial. Therefore, the court cannot grant the Plaintiff any relief for his claims against Attorney Sullivan arising out of any statements that he made during the course of any administrative proceedings.

## IV.  CONCLUSION

For the foregoing reasons, the Defendants submit that the court should grant their Motion to Dismiss.

SILVESTER & DALY
72 RUSS STREET • HARTFORD, CONNECTICUT 06106 • (860) 278-2650 • FAX (860) 727-9243

THE DEFENDANTS,
TOWN OF BERLIN, BERLIN INLANDS
WETLANDS AND WATERCOURSES
COMMISSION, JAMES P. HORBAL,
individually and in his official capacity, E.
TIMOTHY SULLIVAN, JR., individually and in
his official capacity, MICHAEL BALINSKAS,
RALPH SIMEONE, RAYMOND JEREMA,
CLEVELAND P. HUGGINS, III, TOMAS
GERDIS

By: /s/ J. A. Spinella
JOSEPHINE A. SPINELLA
Silvester & Daly
72 Russ Street
Hartford, CT 06103
Tel. (860) 278-2650
Federal Bar No. CT24009

## CERTIFICATION

I, Josephine A. Spinella, attorney for the Defendants, hereby certify that a copy of the foregoing has been mailed, postage prepaid, in the United States Mail, this 19th day of December, 2003 to:

Vincent T. McManus, Jr.
116 South Main Street
Wallingford, CT 06492

James P. Mooney, Esq.
Law Office of Kelly & Mooney
2452 Black Rock Turnpike
Fairfield, CT 06432

By: /s/ J. A. Spinella
JOSEPHINE A. SPINELLA
Silvester & Daly

nai-pirozzoli/memo-MTD.121903