UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARIO PIROZZOLI** : | |
| Plaintiff : | |
| : | |
| VS. : | No. 302CV00698 (CFD) |
| : | |
| **TOWN OF BERLIN, ET AL.** : | |
| Defendants : | JANUARY 19, 2004 |

**OBJECTION AND RESPONSE TO DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**

The plaintiff in the above-entitled matter hereby objects to the defendant's Motion for More Definite Statement received by counsel for the plaintiff on January 13, 2004.

On March 28, 2003, the plaintiff took the deposition of the defendant Ralph Simeone. Mr. Simeone is a member of the defendant Town of Berlin Inland Wetlands and Watercourses Commission and the commission member who at its meeting of November 3, 1998 referred to Mr. Pirozzoli by the ethnic perjorative "wop".

At that deposition Mr. Simeone reported that the commission chairman, the defendant Michael Balinskas and the wetlands agent James Horbal and the

1


defendant Eugene Timothy Sullivan, Jr., between pages 59 and 74 of the deposition transcript, in response to questions addressed to the issue of whether or not wetlands commissioners exercised an independent judgment on Mr. Pirozzoli's case or whether or not they were actually told what to do by Mr. James Horbal (TR 59,60), Mr. Simeone admitted that he had not looked at the ordinances in considering the Pirozzoli case (TR 62).

In an effort to justify not ever having looked at the flood plain ordinance, Mr. Simeone offered the explanation "we had our attorney working on it" (TR63). Although he did not remember the date, he remembered that Mr. Sullivan conferred with the commission (TR63). Although he did not remember that Mr. Sullivan told the chairman and the agent how to vote, he thought Attorney Sullivan had meetings with the chairman and the agent.

At Page 65 of the transcript, Mr. Simeone indicated that the chairman of the commission told him of a meeting with Mr. Sullivan after one of the meetings of the wetlands commission. In response to a question regarding instructions from the attorney, he responded in the affirmative (TR65).

At Page 66 of the transcript he indicates that after the appeal he was not allowed to attend the meetings.

At Page 67 of the transcript he acknowledges a conference between himself and Mr. Balinskas during which Mr. Balinskas told him of a meeting between himself, Horbal and Sullivan regarding this case ad that they got the advice they needed. Mr. Simeone also indicates he did not disregard that advice.

In response to a question about what use he made of the information obtained from Chairman Balinskas, reporting the results of the meeting between himself and Mr. Sullivan and James Horbal, he said "not much".

Mr. Simeone did not remember when he was told about these meetings but he did remember that these meetings were never reported on the record of the proceedings of the commission relating to Mario Pirozzoli (TR69) and that the practice followed was not the standard practice in Berlin. He also indicated the commission never voted at a meeting open to the public to seek an opinion from the Town Attorney. In point of fact no such request or opinion appears in the record of the defendant commission.

Mr. Simeone repeated the charge at Page 73 and at Page 74 when he indicated that Mr. Balinskas told them about their legal rights after these meetings.

It is clear under the Connecticut Freedom of Information Act, C.G.S. §1-200(1), that the Defendant Berlin Inland Wetlands and Watercourses Commission is an agency under the Act. It is also clear that the Town Attorney, Eugene Timothy Sullivan, is not a member of the staff or a member of the commission. It is also clear that pursuant to the law of the State of Connecticut, an administrative agency such as the Berlin Inland Wetlands and Watercourses Commission cannot take evidence outside the record. This is also true as to state agencies under the Administrative Procedures Act, C.G.S. §43-181a, et seq. This is so because the parties are entitled to know if they are acting on legal advice which contains mistakes of law.

The defendant agency has a right to ask during the hearing for advice from their attorney and under the Freedom of Information Act the agency had a right to obtain that advice on its record, but they don't have a right to do it in secret.

When the plaintiff uncovered in the discovery process evidence of the Attorney Sullivan involvement in illegal acts in violation of the Freedom of

4

Information Act in furtherance of the defendants' efforts to deprive Mario Pirozzoli of his rights to equal protection and procedural due process, he amended his complaint to state his belief that these illegal acts had taken place without suggesting that discovery was complete or that the plaintiff had a full working knowledge of the full extent of these illegal acts as discovery was still on-going, and to put the defendant on notice that this particular course of conduct would form part of his claim. The defendants' response to ask the plaintiff to tell them when they conducted their illegal, secret meetings stands the practice of pleading in these cases on its head. The defendants who participate in the illegal meetings identified by the defendant Simeone are asking the plaintiff to tell them what happened. The plaintiff cannot believe for a moment that the defendants were serious when they filed the motion for more definite statement. It may help explain why the plaintiff never got a copy of it in the first place.

The Federal Rules of Civil Procedure Handbook 2204, Baicker-McKee Janssen Coor, indicates that the legal test for the defendants' motion at page 354:

> "As a disfavored remedy, motions for a more definite statement will ordinarily only be granted where the pleading is "unintelligible"; so hopelessly vague and ambiguous that a

defendant cannot fairly be expected to frame a response or denial, at least not without risking prejudice."

It is believed that the pleading at paragraph 50 puts the defendants on notice of the general nature of the claim and it is therefore an appropriate pleading. It cannot be expected that the plaintiff in this juncture of the litigation knows everything there is to know about it.

The decision to grant or deny rests in the sound discretion of the court. <u>Sheffield v. Orius Corp.</u>, 211 F.R.D. 411, 414-15 (D.Or.2002). The plaintiff avers that the pleading is sufficient to put the defendants on notice of their wrongful conduct. It is further suggested that the tactic employed by the defendants at this juncture is totally inappropriate. The court's discretion should be exercised to allow discovery to unearth the facts of these secret meetings.

          THE PLAINTIFF,

BY _____
    Vincent T. McManus, Jr.
    Vincent T. McManus, Jr. P.C.
    116 South Main Street
    Wallingford, CT 06492
    203-269-1111 / 203-265-0625 fax
    Fed Bar #05503

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**MARIO PIROZZOLI**                    :
                                       :
         Plaintiff                     :
                                       :
VS.                                    :   No. 302CV00698 (CFD)
                                       :
                                       :
**TOWN OF BERLIN,**                    :
**BERLIN INLANDS WETLANDS AND**
 **WATERCOURSES COMMISSION,**
**JAMES P. HORBAL**, INDIVIDUALLY
 AND IN HIS OFFICIAL CAPACITY,
**E. TIMOTHY SULLIVAN, JR.,**
 INDIVIDUALLY AND IN HIS OFFICIAL
 CAPACITY,
**MICHAEL BALINSKAS,**
**RALPH SIMEONE,**
**RAYMOND JEREMA,**
**CLEVELAND P. HUGGINS, III,**
**TOMAS GERDIS**                       :
                                       :
         Defendants                    :   JANUARY 19, 2004

### CERTIFICATE OF MAILING

This is to certify that a copy of the attached has been mailed, postage prepaid, on the above date, to:

Josephine Spinella, Esq.            James P. Mooney, Esq.
Silvester and Daly                  2452 Black Rock Turnpike
72 Russ Street                      Fairfield, CT 06432
Hartford, CT 06106

                                    THE PLAINTIFF,

                                    BY _____
                                    Vincent T. McManus, Jr.
                                    His Attorney