UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARIO PIROZZOLI                    :

           Plaintiff         : CIVIL ACTION NO. 302CV00698
                                                (CFD)
Vs.

TOWN OF BERLIN
BERLIN INLANDS WETLANDS AND
  WATERCOURSES COMMISSION
JAMES P. HORBAL, individually and in
  his official capacity
E. TIMOTHY SULLIVAN, JR., individually
  and in his official capacity
MICHAEL BALINSKAS
RALPH SIMEONE
RAYMOND JEREMA
CLEVELAND P. HUGGINS, III,
TOMAS GERDIS

           Defendants       : JULY 1, 2003

**AMENDED COMPLAINT**

FIRST COUNT (Violation of 14 U.S.C. §1983):

    1.   The plaintiff is a citizen of the United States of America, a resident of the Town of Berlin, Connecticut and the owner of real property located at 85 Rivergate Lane, Berlin, Connecticut.

1

2. The defendant Town of Berlin is a municipality located within the State of Connecticut with its offices and principal place of business at 240 Kensington Road, Berlin.

3. The defendant Berlin Inland Wetlands and Watercourses Commission (hereinafter referred to as the Berlin IWWC) is a commission of the Town of Berlin, with its offices and principal place of business at 240 Kensington Road, Berlin.

4. Defendant Michael Balinskas, at all times relevant hereto, was a member of the Berlin IWWC, and resides at 284 Grove Street, Berlin, Connecticut.

5. Defendant Ralph Simeone, at all times relevant hereto, was a member of the Berlin IWWC, and resides at 319 New Britain Road, Apt. 123, Kensington, Connecticut.

6. Defendant Raymond Jerema, at all times relevant hereto, was a member of the Berlin IWWC, and resides at 56 Wildermere Road, Berlin, Connecticut.

7. Defendant Cleveland P. Huggins, III, at all times relevant hereto, was a member of the Berlin IWWC and resides at 821 Four Rod Road, Berlin, Connecticut.

8. Defendant Tomas Gerdis, at all times relevant hereto, was a member of the Berlin IWWC and resides at 69 Seymour Road, Berlin, Connecticut.

9. Defendants Balinskas, Simeone, Jerema, Huggins and Gerdis as members of the Berlin IWWC, voted on certain enforcement actions brought before them by the defendant James Horbal, Zoning Enforcement Officer of the Town of Berlin.

10. James Horbal is the wetlands enforcement officer of the Town of Berlin who is sued both in his individual and official capacities, with an office and principal place of business at 240 Kensington Avenue, Berlin, CT.

11. E. Timothy Sullivan, Jr., at all times relevant hereto, is the Town Attorney for the Town of Berlin, who is sued both in his official capacity and individually, with an office and principal place of business located at One Liberty Square, New Britain, CT 06051.

12. This action is brought pursuant to 42 U.S.C. §1983 to redress violations of the plaintiff's constitutional rights.

13. At all times relevant hereto, the plaintiff owned residential real property located at 85 Rivergate Lane, Berlin consisting of two acres of land abutting Bradley Brook at its confluence with the Mattabasset River.

14. The wetlands regulations of the Town of Berlin limit the jurisdiction of the defendant Berlin IWWC to areas of land containing soil types designated as poorly drained, very poorly drained, alluvial and flood plain by the National Cooperative Soils Survey.

15. The regulations require the defendant commission to maintain a map and an inventory of regulated areas within its jurisdiction.

16. Further, the regulations of the Berlin IWWC permit as a matter of right the maintenance of a residential home, uses incidental to the enjoyment or maintenance of residential property, including the right to landscape one's property.

17. On August 27, 1997, the defendant James P. Horbal, obstensively relying on documents not prepared or maintained by the Berlin IWWC pursuant to its regulations ordered the plaintiff Mario Pirozzoli to cease and desist "unauthorized encroachment within a regulated area". These charges were false when made.

18. At the time the defendant James P. Horbal made such order, he knew that the order was unlawful in that it was not based on any statutory or regulatory jurisdiction vested in him.

19. Subsequent proceedings before the defendant commission revealed that the alleged unauthorized encroachment was comprised of landscaping activities including removal of poison ivy, sumac, prickers in a non-regulated area of the plaintiff's property.

20. The defendant James P. Horbal and the defendant Berlin IWWC have no jurisdiction over "non-encroachment areas" under the applicable regulations of the commission.

21. The defendants, in issuing and acting upon the cease and desist order dated August 27, 1997 knew that they had no jurisdiction over "non-encroachment areas".

22. Although the plaintiff's neighbors had performed similar landscaping on their properties, they were not singled out as was the plaintiff.

23. The plaintiff appeared before the defendant commission on November 4, 1997 with his engineer and raised the issue of the lack of jurisdiction due to want of existing wetlands and because the activities which the plaintiff was accused of performing were permitted as a matter of right by state law.

24. Nonetheless the commission represented to the property owner that it would proceed against him and that it would persist in its action.

25. The homeowner attempted to satisfy the defendant agent and commission by preparing an extensive planting plan a great cost.

26. At its meeting on January 6, 1998, at the demand of the defendants, the plaintiff again appeared before the commission with his engineer and again the commission represented that the plaintiff's use of his property was subject to the regulations and jurisdiction of the defendant Berlin IWWC.

27. The commission again threatened the plaintiff with further enforcement action and despite the chairman's acknowledgment that it did not have proper regulations, persisted in threatening the property owner with enforcement action where he had no right to do so nor any reasonable belief that hey had a right to do so.

28. Throughout all of its actions relating to the plaintiff, the defendant commission knew that it was acting without regulatory or statutory authority yet it misrepresented its authority to the property owner and caused the property owner to expend substantial sums of money to prepare and present mitigation planting plans which were presented in reliance upon the misrepresentation of the defendants.

29. At the time the defendant commission misrepresented its jurisdiction to the plaintiff, it intended that the defendant rely on those representations. The plaintiff did so rely and was damaged.

30. On Memorial Day weekend, 1998, the plaintiff attempted to do additional landscaping and grading of his property including the non-wetlands, non-watercourse portion of his property.

31. The plaintiff's neighbor at 84 Rivergate Lane, Linda Coccomo, simultaneously landscaped a portion of the back of their property which abutted the plaintiff's property.

32. At its meeting of July 7, 1998, the commission approved a cease and desist order and ordered that the defendant by ordered to appear before it.

33. At the July 7th meeting, Commissioner Cleveland Huggins stated on the record that the abutting property owner, Thomas and Linda Coccomo, is a client of his and urges the commission to "back off" on that one.

34. In fact, although the plaintiff and his neighbor engaged in landscaping and grading of their back yards simultaneously the defendant pursued and prosecuted only the plaintiff.

35. The plaintiff's neighbor on the right, Joseph Kelly, similarly has landscaped his back yard without objection from the defendant.

36. At great personal expense the plaintiff was caused by the actions of the defendants to hire a soil scientist, environmental scientist, engineers, consultants and attorneys for the purpose of an evaluation of and answering the defendants' claims.

37. At the August 4, 1998 meeting, the defendant's expert reported to the defendants that he was in the process of field verifying the location of the wetlands on the plaintiff's property. Despite being requested by state law to suspend proceedings where a question of jurisdiction is raised, the defendant's continued their illegal conduct.

38. At the meeting before the wetlands commission held on October 6, 1998, the plaintiff's experts reported to the defendant commission that in fact the activities originally noticed in the cease and desist order of August 27, 1997 and had not occurred in a wetland and that the cease and desist order of June 10, 198 had grossly overstated the wetlands jurisdiction and flood plain jurisdiction despite. Despite this knowledge, the defendants persisted.

39. In addition, the surveyor and soil scientist reported that instead of an acre of impact of wetlands, approximately .11 acre of wetlands were altered as a result of the defendant's landscaping and further that the area of which the commission claimed jurisdiction vastly exceeded its actual jurisdiction based upon actual field verification of soil type.

40. The plaintiff's experts by field verification put the defendants on direct notice on October 6, 1998 that it has vastly exceeded its jurisdiction in its enforcement action against the plaintiff in the area of wetland as well as flood plains.

41. The plaintiff's experts further put the commission on notice that the flood plain elevation utilized by the commission in its actions were inaccurate.

42. On June 5, 2001, after full hearings, the defendant commission amended its wetlands map to agree with the position taken by the plaintiff as it related to the wetlands on the plaintiff's property.

43. Notwithstanding this concession, the defendants persisted in the prosecution of the August 7, 1997 and June 10, 198 orders against the plaintiff claiming jurisdiction under the flood plain management regulation of the Town of Berlin.

44. The plaintiff, through its experts, notified the defendant Town of Berlin that the wetlands commission was pursuing the plaintiff improperly because (1) it did not have original jurisdiction to enforce the flood plain regulations under its ordinance; (2) the landscaping activities of the plaintiff in his backyard did not violate the flood plain regulations as it caused no measurable increase in the downstream flood waters; (3) the maps used by the defendants did not accurately reflect the level of the flood plain at that location and therefore did not confer jurisdiction on the defendant.

45. On February 21, 2002, the Federal Emergency Management Agency (FEMA) notified the plaintiff that they were undertaking a complete change in the maps for the area including the plaintiff's property.

46. Despite knowing that their wetlands maps were inaccurate, despite knowing that the flood plain maps were inaccurate, the defendants persisted in prosecuting and persecuting the plaintiff while simultaneously ignoring the identical activities on the property of the plaintiff's neighbors at 84 Rivergate Lane and 86 Rivergate Lane.

47. The Town of Berlin's ordinance as to flood plain and as to wetlands requires that whenever the jurisdiction of the town relating to either wetlands or flood plain is challenged, that the tribunal proceed no further until its jurisdiction is established by field verification.

48. The defendant failed to comply with this requirement of their regulations and persisted in pursuing the plaintiff in violation of the plaintiff's civil rights and the regulations binding upon the defendant.

49. At a meeting of the commission occurring on November 3, 1998, commission member Ralph Simeone made ethnic remarks referring to the plaintiff, who is of Italian extraction, with the ethnic projorative "wop", without objection from any of the other commission members and without being corrected by the Chair or other commission members indicating their approval of that treatment of the plaintiff.

50. The defendant E. Timothy Sullivan, Jr. engaged in numerous secret meetings of one or more members of the Wetlands Commission and its agent James Horbal in violation of the Connecticut Freedom of Information Act, C.G.S. §1-200, et seq., specifically C.G.S. §1-225.

    a. The defendant Sullivan conducted these meetings with the defendant commissioners knowing the requirements of state law that the public's business not be conducted in secret.

    b. The defendant Sullivan met with the defendants despite knowing that the defendant had not legally requested in accordance with the provisions of the Connecticut Freedom of Information Act that he provide them with an opinion of the town attorney and despite knowing that no such public opinion would be published.

    c. The defendant Sullivan met with the commission and members of the commission for an unlawful purpose in a sense of malice toward the plaintiff and in violation of state law. Said malice is further demonstrated by the fact that in court hearings, the defendant E. Timothy Sullivan, Jr., the town attorney of the Town of Berlin, made representations that the plaintiff landscaped his neighbor's property at 84 Rivergate Lane when he knew or should have known that the statement was inaccurate. Such statements were made in reckless disregard of the facts and truth of the matter without any reasonable basis in fact that the statements were true. The statements were made with the intent to induce the court to have a negative

impression of the defendant and the statements were of course untrue when made intending that the court rely on them.

51. The records of the proceedings of the defendant commission are replete with comments by the commission Chairman that the commission did not have jurisdiction to do what it was doing to this defendant, yet the commission, despite this knowledge, proceeded in its actions against the defendant.

52. The plaintiff has been damaged by the actions of the defendants and each of them.

53. The plaintiff has incurred enormous costs in connection with:

    a. Proving that the defendants' wetlands jurisdiction was vastly overstated by the defendants;

    b. Proving that the defendants' flood plain jurisdiction, if any, was vastly overstated;

    c. Proving that his landscaping activities were limited to his own property;

54. In addition, the plaintiff has incurred unnecessary costs in connection with appealing the ruling of the defendant commission and has been limited in the use and enjoyment of his home.

55. On December 14, 2001, the plaintiff put the defendant on notice of his claim by filing a notice with the Town Clerk of the Town of Berlin.

56. On April 15, 2002, the Federal Emergency Management Agency, based upon field verification, noticed the recognition of the one hundred year flood line at twenty-three feet (23'), two feet (2') below the level of jurisdiction unlawfully exercised by the defendant.

57. The defendant's conduct toward the plaintiff persists to this day.

SECOND COUNT (EQUAL PROTECTION):

1-57. Paragraphs 1-57 of the First Count are hereby made Paragraphs 1-57 of the Second Count.

58. The defendants have adopted a totally different treatment of the plaintiff and other neighbors who have similarly landscaped their backyards, whose use of their backyards was substantially the same as the use enjoyed by the plaintiff, yet who have not been persecuted and pursued as the plaintiff has by Town officials,

boards and commissions including members of the Berlin IWWC, the Town Attorney, and the assistant town engineer.

59. In one such instance, the defendant Berlin IWWC apparently pursuant to Commissioner Cleaves Huggins request to do so, has backed off on any prosecution of the identical landscaping activities conducted by the plaintiff's neighbor, Thomas and Linda Coccomo.

60. The defendant has also ignored the identical landscaping activities which occurred on the property of the plaintiff's neighbor, Joseph Kelly, at 86 Rivergate Lane.

61. In pursuing their persecution of the plaintiff for activities also conducted by his neighbors, the defendants have denied the plaintiff the equal protection of the laws.

62. The defendants' actions were taken intentionally, maliciously and in bad faith and said actions were specifically designed to injure the plaintiff and to deprive the plaintiff of equal protection of the laws of the United States of America and the State of Connecticut.

63. The plaintiff has been damaged by the defendant's actions in that the plaintiff has incurred unnecessary cost in connection with appealing the rulings of the commission, in retaining engineers, soil scientists, lawyers and surveyors to demonstrate that the commission acted without jurisdiction as it attempted to regulate areas of the plaintiff's property which were not subject to its jurisdiction and for activities which were not subject to the defendant's jurisdiction.

64. The plaintiff has, during the course of all of this, lost the full use and enjoyment of his home and suffered the diminution in the value of his home.

THIRD COUNT: (Unconstitutional Taking)

1-57. Paragraphs 1 through 57 of the First Count are hereby made Paragraphs 1 through 57 of the Third Count.

58. The defendants' actions have effected an unconstitutional taking of the plaintiff's property, in violation of the plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

59. The plaintiff has been damaged by the defendants' actions in that the plaintiff has incurred unnecessary costs in connection with appealing the ruling of the

defendant Commission, has lost the full use of his property and has suffered the diminution in the value of his home.

FOURTH COUNT (Intentional Tort)

1-57. Paragraphs 1 through 57 of the First Count are hereby made Paragraphs 1 through 57 of the Fourth Count.

58. The defendants' actions were taken intentionally and maliciously, and specifically designed to deprive the plaintiff it his constitutional rights and to harm the plaintiff financially and continues to do so as this persists to this day.

59. The plaintiff has been damaged by the defendants' actions in that the plaintiff has incurred unnecessary costs in connection with appealing the ruling of the defendant Commission, has lost the full use of his property and has suffered the diminution in the value of his home.

WHEREFORE, THE PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

1. Trial by jury for all matters triable by a jury;

2. Damages pursuant to 11 U.S.C. §1983;

3. An award of attorney's fees;

4. His costs in this action.

THE PLAINTIFF, MARIO PIROZZOLI,

BY _____
Vincent T. McManus, Jr.
His Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**MARIO PIROZZOLI**                                 :
                                                    :
          Plaintiff                                 :
                                                    :  No. 302CV00698 (CFD)
VS.                                                 :
                                                    :
**TOWN OF BERLIN,**                                 :
**BERLIN INLANDS WETLANDS AND**
 **WATERCOURSES COMMISSION,**
**JAMES P. HORBAL,** INDIVIDUALLY
 AND IN HIS OFFICIAL CAPACITY,
**E. TIMOTHY SULLIVAN, JR.,**
 INDIVIDUALLY AND IN HIS OFFICIAL
 CAPACITY,
**MICHAEL BALINSKAS,**
**RALPH SIMEONE,**
**RAYMOND JEREMA,**
**CLEVELAND P. HUGGINS, III,**
**TOMAS GERDIS**                                    :
                                                    :
          Defendants                                :  JULY 1, 2003

## CERTIFICATE OF MAILING

   This is to certify that a copy of the attached has been mailed, postage prepaid, on the above date, to:

Josephine Spinella, Esq.           James P. Mooney, Esq.
Silvester and Daly                 2452 Black Rock Turnpike
72 Russ Street                     Fairfield, CT 06432
Hartford, CT 06106

                                   THE PLAINTIFF,

                                   BY _____
                                   Vincent T. McManus, Jr.
                                   His Attorney